UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

CARLOS BRITO,

    Plaintiff,

v.

LE JEUNE - DOUGLAS
INDUSTRIAL PARK, LLC; and EL
CRISOLY CAFE, LLC,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, and EL CRISOLY CAFE, LLC, (hereinafter collectively referred to herein as "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.    At all times material, Defendant, LE JEUNE-DOUGLAS INDUSTRIAL PARK,

LLC, owned and operated a commercial shopping center located at 13101 NW 42 Avenue, Opa Locka, Florida 33054 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5. At all times material, Defendant, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, was and is a Florida Limited Liability Company, incorporated under the laws of the State of Florida, with its principal address at Miami Dade County, Florida.

6. At all times material, Defendant, EL CRISOLY CAFE, LLC, owned and operated a commercial restaurant located at 13175 NW 42 Avenue, Opa Locka, Florida 33054[1] (hereinafter "CHARLY CAFETERIA") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, EL CRISOLY CAFE, LLC, holds itself out to the public as "Charly Cafeteria."

7. At all times material, Defendant, EL CRISOLY CAFE, LLC, was and is a Florida Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in Miami Dade County, Florida.

8. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property, and/or business operated therein, is located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9. Although nearly thirty (30) years have passed since the effective date of Title III

---

[1] This business is located within Defendant's, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, Commercial Property, located at 13175 NW 42 Avenue, Opa Locka, Florida 33054.

of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Defendant, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, located in Miami, Florida, that is the subject of this Action.

14. Defendant, EL CRISOLY CAFE, LLC, owns, operates and/or oversees its respective business, located within the Defendant's, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, Commercial Property, located in Miami Dade County, Florida, that is the subject of this Action.

15. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and

others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

16. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

17. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, to include a visit to the Commercial Property and business located within the Commercial Property on or about October 4, 2023 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately twenty-five (25) miles from his residence and is near other business and restaurants he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

18. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA

at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

20. Defendants, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, and EL CRISOLY CAFE, LLC, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, and EL CRISOLY CAFE, LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, and EL CRISOLY CAFE, LLC, own and operate are located within the Commercial Property, located at 13175 NW 42 Avenue, Opa Locka, Florida 33054.

21. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, and businesses named herein as Defendants within the Commercial Property, with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses named herein as Defendants within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses named

herein as Defendants within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, and businesses named herein as Defendants within the Commercial Property, but to assure himself that the Commercial Property and businesses named herein as Defendants within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses named herein as Defendants within the Commercial Property, without fear of discrimination.

22. Defendant, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in Count I of the Complaint, and jointly and severally liable for all ADA violations listed in Count II of the Complaint, along with the Defendant's tenants, listed on those counts.

23. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses named herein as Defendants within the Commercial Property, with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses named herein as Defendants within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, and businesses named herein as Defendants within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses named herein as Defendants within the Commercial Property, but to assure himself that the Commercial Property, and businesses named herein as Defendants within the Commercial Property, are in compliance with the ADA,

so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses named herein as Defendants within the Commercial Property, without fear of discrimination.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses named herein as Defendants within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC.

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

    i. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking

        spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv.   The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

   i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii.   The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of

½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not reach the upper level of the facility due to the lack of an elevator. Violation: There is no accessible path of travel with access or egress into the building for people in wheelchairs, violating Section 4.3.2(2) of the ADAAG and Section 206.2.2 of the 2010 ADA Standards.

vii. The Plaintiff could not enter/exit tenant spaces without assistance. Violation: There are entrances that do not have an accessible path of travel with access or egress for people in wheelchairs due to having a step, violating Sections 4.14.1 of the ADAAG and Sections 206.4, 207, & 216.6 of the 2010 ADA Standards.

**COUNT II – ADA VIOLATIONS
AS TO LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC,
and EL CRISOLY CAFE, LLC.**

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

28. Defendants, LE JEUNE-DOUGLAS INDUSTRIAL PARK, LLC, and EL CRISOLY CAFE, LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

   i. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

   i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the

      2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not use the toilet without assistance as the seat is not mounted at the required height. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

29. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

30. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

31. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §

12205 and 28 CFR 36.505.

33. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

34. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their business, located at and/or within the commercial property located in Miami-Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property, and businesses named as Defendants herein, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 9, 2024.

               **GARCIA-MENOCAL & PEREZ, P.L.**
               *Attorneys for Plaintiff*
               350 Sevilla Avenue, Suite 200
               Coral Gables, Fl 33134
               Telephone: (305) 553-3464
               Facsimile: (855) 205-6904
               Primary E-Mail: bvirues@lawgmp.com
               Secondary E-Mails: amejias@lawgmp.com
               jacosta@lawgmp.com

        By: ___*/s/ Beverly Virues*___
           BEVERLY VIRUES
           Florida Bar No.: 123713
           ARMANDO MEJIAS
           Florida Bar No.: 1045152